FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 SEP 16 PM 2: 37
CLERK'S OFFICE
AT BALTIMORE
BY___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDSAFWAY SERVICES, LLC,     *

        Plaintiff,     *

                              Civil Action No. RDB-18-2016

v.     *

MANOLIS PAINTING, INC.     *

        Defendant.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff, Brandsafway Services, LLC ("Brandsafway") brings this action against its customer, Manolis Painting, Inc. ("Manolis"), for damages caused by an alleged breach of an Equipment Rental Agreement ("Rental Agreement") pursuant to which Manolis rented scaffolding and related equipment. (Compl., ECF No. 1.) Currently pending before this Court is Plaintiff's Motion for Judgment on the Pleadings on Defendant's Affirmative Defenses (ECF No. 16). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's motion shall be DENIED.

## BACKGROUND

The following facts are alleged in the Plaintiff's Complaint, ECF No. 1. On or about July 8, July 14, and August 2, 2016, Manolis agreed to rent scaffolding equipment from American Platform & Scaffolding ("APS"). (Compl. ¶ 7, ECF No. 1.) Shortly after Manolis entered into these rental agreements with APS, in August 2016, Brandsafway purchased APS. (*Id.*) As a result, Brandsafway now owns APS's contracts and agreements. (*Id.*) After

Brandsafway purchased APS, Manolis agreed to rent some additional scaffolding and to purchase some scaffolding from Brandsafway. (*Id.* at ¶ 8.) Manolis used the scaffolding that it rented from Brandsafway on a construction project in Annapolis, Maryland. (*Id.* at ¶ 9.) Manolis has received invoices from Brandsafway and has never disputed them, but Manolis has not paid the fees due under the Rental Agreement. (*Id.* at ¶¶ 15-21.)

Brandsafway filed the instant lawsuit on July 3, 2018, alleging five causes of action[1] and seeking monetary damages plus interest. (*Id.* at ¶¶ 22-51.) Manolis filed its Answer on August 24, 2018, in which it asserted nine affirmative defenses.[2] (Answer, ECF No. 12.) On October 13, 2018, Brandsafway filed the instant motion seeking judgment on the pleadings under Federal Rule of Civil Procedure 12(c), based on Manolis' failure to include any factual detail or support for its assertions. (Mot., ECF No. 16.) Brandsafway contends that Manolis' affirmative defenses do not satisfy the United States Supreme Court's plausibility standard for pleadings as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and therefore, the defenses fail to provide Brandsafway with fair notice.

---

[1] Count One – Breach of Contract; Count Two – Unjust Enrichment / Quantum Meruit; Count Three – Action on Account; Count Four – Conversion; and Count Five – Violation of Maryland's Prompt Payment Act. (Compl., ECF No. 1.)

[2] First – The Complaint fails to state a claim upon which relief can be granted; Second – Plaintiff's claims are barred by the doctrine of estoppel; Third – Plaintiff's claims are barred by laches because it delayed an unreasonable amount of time before seeking payment; Fourth – Plaintiff's claims are barred by the doctrine of accord and satisfaction; Fifth – Plaintiff's claims are barred by the doctrine of collateral estoppel; Sixth – If Plaintiff was damaged as alleged, which is denied by Defendant, any damage did not occur as a result of any fault on the part of Defendant; Seventh – If Plaintiff was damaged as alleged, which is denied by Defendant, any damage was caused in whole or in part by Plaintiff's own failures, not a result of any fault on the part of Defendant; Eighth – Plaintiff's claims are barred by payment; Ninth – Plaintiff has failed to state a claim under the Maryland Prompt Payment Statute upon which relief can be granted as a matter of law. (Answer 7-9, ECF No. 12.)

2

For the reasons that follow, this Court shall DENY Brandsafway's motion and shall allow Manolis to amend its Answer.

## STANDARD OF REVIEW

Rule 12(c) authorizes a party to move for judgment on the pleadings any time after the pleadings are closed, so long as the motion is made early enough so as not to delay trial. *See* Fed. R. Civ. P. 12(c). Pleadings are considered closed "upon the filing of a complaint and answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." 5C Charles Alan Wright, et al., *Federal Practice & Procedure* § 1367 (4th Ed. May 2019). "A Rule 12(c) motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 805 F. Supp. 2d 213, 216 (E.D. Va. 2011), *aff'd*, 494 F. A'ppx 394 (4th Cir. 2012) (quoting *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989)). The reviewing Court "is required to view the facts presented in the light most favorable to the nonmoving party." *Corrigan v. Methodist Hosp.*, 158 F.R.D. 70, 71 (E.D. Pa. 1994) (citation omitted).

## ANALYSIS

Manolis acknowledges that it must provide fair notice of the factual basis for its defenses. (Def.'s Resp. 2-3, ECF No. 19.) It contends, however, that some of its defenses do provide a sufficient factual basis to provide fair notice of its defense, namely, that it purchased and paid for the scaffolding equipment. (*Id.* at 3.) Specifically, Manolis notes that its Eighth Affirmative Defense states that "Plaintiff's claims are barred by payment," and in its specific

3

responses to the numbered paragraphs in Plaintiff's Complaint, it states repeatedly that "Manolis' purchased and paid for all the scaffolding provided" by Brandsafway. (*Id.*) Manolis further contends that Brandsafway's motion is untimely because it would have been more appropriate to file a motion to strike the defenses "within 21 days after being served with the pleading." (*Id.* at 2 (quoting Fed. R. Civ. P. 12(f)(2)).) Brandsafway missed the deadline of September 21, 2018 and instead filed the instant motion on October 13, 2018. (*Id.*) Finally, Manolis requests leave to amend its Answer. (*Id.* at 4.)

This Court has held that affirmative defenses are subject to the pleading requirements articulated by the Supreme Court in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, which requires that affirmative defenses be pled in such a way as to "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [ ] defense." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010). While this pleading standard "does not require the assertion of all supporting evidentiary facts," it does require that, "[a]t a minimum, [ ] some statement of the ultimate facts underlying the defense . . . must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc.*, No. ELH–10–2091, 2011 WL 631145, at *15 (D. Md. Feb. 11, 2011) (citation omitted).

In this case, Manolis has provided Brandsafway with fair notice of its defense that it purchased and paid for the scaffolding equipment and thus owed no rental fees. The United States Court of Appeals for the Fourth Circuit has noted that striking pleadings is "a drastic remedy," *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir.2001), and if stricken,

"the defendant should normally be granted leave to amend," *Banks v. Realty Mgmt. Serv.*, No. 10cv14 (JCC/TCB), 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010) (citing 5C Wright & Miller § 1381 (3d ed. 2004)). Therefore, under the circumstances, this Court shall deny judgment to the Plaintiff on the basis of Defendant's lack of factual support for its defenses. Rather, this Court shall allow Manolis to amend its Answer to supply the requisite detail to support its affirmative defenses.

## CONCLUSION

1. Plaintiff's Motion for Judgment on the Pleadings on Defendant's Affirmative Defenses (ECF No. 16) is DENIED.

2. Defendant, Manolis Painting, Inc., shall file an Amended Answer within 14 days of the date of this Order.

3. The Clerk of this Court shall transmit copies of this Order and accompanying Memorandum Opinion to Counsel.

Dated: September 16, 2019

　　　　　　　　　　　　　　　　　/s/ Richard D. Bennett
　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　United States District Judge